UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DEKARA DECORA JOHNSON

      Plaintiff,
V.                                                CIVIL ACTION NO.

**JURY TRIAL**

REALITY AUTO SALES, INC.
<u>Registered Agent</u>
Daniel Henriquez
8165 Gray Haven Road
Baltimore, MD 21224

CARVANT FINANCIAL, LLC
<u>Registered Agent</u>
HSC Agent Services, Inc.
245 West Chase Street
Baltimore, MD 21201

      Defendants.                          JANUARY 16, 2014

## COMPLAINT

### FIRST COUNT:   VIOLATION OF THE TRUTH IN LENDING ACT

1. This is an action for damages for violation of The Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and for violation of the Maryland Consumer Protection Act. § 13-105 et seq., and UCC Article 2 § 608 Revocation.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Baltimore City, State of Maryland.

4. Defendant Reality Auto Sales, Inc. hereinafter (" Reality") is a Domestic Corporation acting under the laws of the State of Maryland, with a place of business at 4101 Eastern Avenue Road, Baltimore, MD 21224.

5. Defendant Carvant Financial LLC hereinafter ("Carvant") is a foreign corporation operating under authority granted by the Secretary of the State of Maryland with a place of business at 211 Robbins Lane, Syosset, NY 21201 and the assignee of the Retail Installment Contract And Security Agreement ("RIC") and pursuant to the Contract " ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOOD OR SERVICES OBTAINED PURSUANT HERETO BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER".

6. At all times herein, both defendants in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

7. Both defendants are creditors within the meaning of 15 U.S.C. § 1601, et seq. and regulations promulgated hereunder.

8. On or about October 17, 2013 plaintiff entered into a consumer credit transaction with Reality for the purchase of a car for personal, family or household use, to wit: a 2007 Hyundai, VIN # 5NPEU46F17H201013 "The Vehicle or Vehicle") to be used as transportation from home to work.

9. The purpose of the TILA is to provide meaningful disclosures of credit terms so

that the consumer will be able to compare more readily the various terms available to them. 15 U.S.C. § 1601(a).

10. Meaningful disclosure means accurate and intelligible disclosures. *Bizler v. Globe Fin. Servs., Inc.* 654 F.2d (1ST Cir. 1981).

11. Reality disclosed on the Retail Installment Contract ("RIC") that plaintiff made a $1,500.00 down payment. That disclosure was not accurate, in fact, plaintiff made a down payment of $1,000.00.

12. Reality overcharged plaintiff an additional $30.00 **for** Maryland Sales Tax when it wrote on the RIC that plaintiff's down payment was $1,500.00 instead of the correct down payment of $1,000.00.

13. Reality failed to disclose the identity of the third party that money was paid to for the Optional Mechanical Repair Contract (Service Contract) in violation of Official Staff Commentary § 226.18 (c)(iii)-1 or plaintiff did not sign an agreement to purchase a Service Contract and it was apparent on the face of the RIC in the sum of $1,010 plus $66.00 Maryland Sales Tax.

14. Reality failed to disclose the identity of the third party that money was paid to, for the Optional Debt Cancellation Agreement also know as ("GAP") in violation of Official Staff Commentary § 226.18 (c)(iii)-1 or failed to provide a copy of the Optional Debt Cancellation Agreement at time of consummation to plaintiff or sold plaintiff a phony debt cancellation agreement and it was apparent on the face of the RIC.

15. Since Reality failed to disclose the identity of the third parties to whom money

was paid to for GAP; failed to disclose the correct down payment and charged plaintiff for a Service Contract that she did not sign, then the Annual Percentage Rate, Finance Charge and Amount Financed are all inaccurate in violation of TILA.

16. Reality failed to disclose the cost of **Lien Filing Fee** and it was apparent on the face of the RIC.

17. Reality Failed to provide plaintiff "Hard License Plates" for The Vehicle notwithstanding she was charge $120.00 as shown on the RIC as money paid to Public Officials, leaving her without proper registration for The Vehicle or Plates to operate The Vehicle on public highways.

18. Plaintiff has suffered monetary loss, inconvenience and loss of her job as a result of both defendants' actions.

## SECOUND COUNT: VIOLATION OF THE MARYLAND COMSUMER PROTECTION ACT.

19. The allegations of Count one are repeated as if fully set forth herein.

20. Reality committed one or more unfair or deceptive acts or practices in violation of the Md. Consumer Protection Act including but not limited to failing to disclose to plaintiff accurate financial terms of the transaction:

    a. Reality charge plaintiff $1,010.00 for an Optional Mechanical Repair Contact ("OMRC") plus $60.60 in Maryland Sales Tax that plaintiff did not sign for on the Purchase Order see Exhibit 1, nor sign for on the RIC see Exhibit 2, nor sign for on the OMRC, Exhibit 3.

    b. Reality at time of consummation of the contract provided plaintiff

unsigned copies of the OMRC, Exhibit 3 for the Administrator of the Contract, Reality's Copy, Lien holder's Copy aka Carvant and plaintiff's copy inducing her to believe she had a valid contact.

    c. On or about November 27, 2013 plaintiff was driving The Vehicle on I-95 when it suddenly stopped running.

    d. Plaintiff contacted the Administrator for the OMRC and was told that the car had a pre-existing condition of sludge in the engine and it was a disqualifying factor for the warranty repair. The Administrator also stated that the previous owner did not take care of the car.

    e. Reality knew or should have known of the pre-existing condition at the time it sold The Vehicle to plaintiff.

    f. Plaintiff contacted Reality regarding the refusal of the Administrator for OMRC to repair The Vehicle and was told there was nothing it could do, notwithstanding Reality is the prior owner of The Vehicle and seller of the Contract.

    g. The Vehicle remains at Ammco Transmission, Pulaski Highway, Baltimore, MD.

21. Reality's actions were fraudulent in that it knew that its false representations were made to induce plaintiff to sign the RIC.

22. Plaintiff relied on the false representations made by Reality that The Vehicle was fit to operate on the highway.

23. Reality has deprived plaintiff use of The Vehicle since November 27, 2013 by

failing to repair The Vehicle; selling plaintiff The Vehicle in the condition as stated in paragraph 20d above; and failure to provide plaintiff hard plates for The Vehicle that she paid for.

24. As a result of Reality's actions, plaintiff has suffered monetary damages, emotional distress and the loss of her job.

**THIRD COUNT: REVOCATION OF ACCEPTANCE**

25. The allegations of Count One and Count Two are repeated as if fully set forth herein.

26. Plaintiff hereby gives notice to Reality and to Carvant that she is revoking acceptance of The Vehicle for the following reasons:

   a. Defendant Reality and defendant Carvant were both aware that plaintiff was charged $1,010.00 for the OMRC that she did not sign for.

   b. Reality knew or should have known that The Vehicle had sludge in the engine and it failed to correct the pre-existing prior to sale and/or failed to repair The Vehicle under the OMRC.

27. Plaintiff has suffered damages, emotional distress and loss of employment as a result of both defendants' actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award plaintiff statutory damages of $2,000.00, actual damages, compensatory damages, costs and a reasonable attorney fee on Count I.

2. Award plaintiff statutory damages, actual damages and punitive damages and

costs and reasonable attorney fees on Count II.

3. Order that Reality and Carvant take back The Vehicle; pay off the lien and award plaintiff actual damages, compensatory damages, cost and a reasonable attorney fee on Count III.

4. Award such other or further relief, as the Court deems just or equitable.

THE PLAINTIFF
BY /S/ Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
163 Mitchells Chance Road, #244
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 443-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com